## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PLUMBING AND PIPEFITTING INDUSTRY LOCAL 219 PENSION FUND, *et al.*, | ) ) ) ) | CASE NO.  4:07CV1609 |
| Plaintiff, | ) ) | JUDGE PETER C. ECONOMUS |
| v. | ) ) | |
| BUCK CONSULTANTS, LLC, *et al.*, | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court upon a Motion for Judgment on the Pleadings filed by Defendant Buck Consultants, LLC ("Buck") and Mellon Consultants, Inc. ("Mellon") (collectively, "Defendants").  (Dkt. # 14).

## I. BACKGROUND

Plaintiffs are a joint labor-management employee benefit pension plan ("the plan") and the plan's governing Board of Trustees, comprised of equal numbers of labor and management representatives.  (Dkt. # 9 at ¶ 3).  The purpose of the plan is to provide pension and related benefits to eligible employees through employer contributions made pursuant to collective bargaining agreements with participating labor organizations. (Dkt. # 9 at ¶ 3).  Plaintiffs are citizens of Ohio for purposes of diversity jurisdiction. (Dkt. # 9 at ¶¶ 3-5).

1

Defendants Buck and Mellon are financial consulting firms hired by Plaintiffs to provide actuarial advice and services to Plaintiffs regarding the plan. (Dkt. # 9 at ¶¶ 6-7). Such services included, *inter alia*, providing advice related to the funding needs of the plan, the appropriate amount of total employer contributions to be allocated to the pension fund, the costs and impact of benefit improvements and other changes to the plan, and other matters related to the plan's investment policies. (Dkt. # 9 at ¶ 9). Defendants are citizens of New York and Delaware for purposes of diversity jurisdiction. (Dkt. # 9 at ¶¶ 6-7); 28 U.S.C. § 1332(c)(1).

Plaintiffs allege that Defendants "negligently advised and provided Plaintiffs with improper evaluations and calculations of the liabilities of the Plan." (Dkt. # 9 at ¶ 10). Specifically, Plaintiffs allege that in 2000, Defendants advised Plaintiffs that employer contributions to the pension fund "were not fully deductible unless benefit improvements were made" to the plan. (Dkt. # 9 at ¶ 11). Based on Defendants' advice, Plaintiffs made benefit improvements to ensure full deductibility of employer contributions in 2000. (Dkt. # 9 at ¶ 12-13). According to Plaintiffs, a subsequent review found that Defendants' liability calculations were incorrect and that Defendants' advice as to the deductibility of employer contributions was erroneous. (Dkt. # 1 at ¶ 14). Plaintiffs terminated Defendants in 2003. (Dkt. # 1 at ¶ 8).

Plaintiffs filed the Complaint in the instant matter on May 31, 2007, alleging counts for professional negligence, negligent misrepresentation, violation of the Ohio Unfair Trade Practices Act, and breach of contract. (Dkt. # 1). Plaintiffs filed a First

Amended Complaint on August 31, 2007.  (Dkt. # 9).  Defendants filed an Answer and Affirmative Defenses to the Complaint on September 14, 2007.  (Dkt. # 13).

Defendants also filed the instant Motion for Judgment on the Pleadings on September 14, 2007, arguing that all of Plaintiffs' claims are barred by the statute of limitations.  (Dkt. # 14).  Plaintiffs filed a Response and Memorandum in Opposition on October 10, 2007.  (Dkt. # 15).  Defendants filed a Reply on October 18, 2007.  (Dkt. # 16).

## II. LAW AND ANALYSIS

Rule 12(c) motions for judgment on the pleadings are subject to the same analysis as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir.2001).  A district court faced with a defendant's motion for judgment on the pleadings "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief."  Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 512 (6th Cir.2001) (citations omitted); see also Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir.1998); Conley v. Gibson, 355 U.S. 41, 45-46, (1957).  The merits of the claims set forth in the complaint are not at issue on a motion for judgment on the pleadings.  Consequently, a complaint will be dismissed pursuant to Rule 12(c) if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir.1978); Westlake v. Lucas, 537 F.2d

3

857, 858 (6th Cir.1976). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir.1987) (citations omitted).

## A.  Plaintiffs' Professional Negligence and Negligent Misrepresentation Claims

Defendants argue that the claims for professional negligence and negligent misrepresentation contained in Counts One and Two of Plaintiffs' First Amended Complaint are barred by the statute of limitations prescribed by Ohio Rev. Code § 2305.09, which "provides a general limitations period of four years for tort actions not specifically covered by other sections of the Ohio Revised Code." <u>Investors REIT One v. Jacobs</u>, 546 N.E.2d 206, 209 (Ohio 1989).  Section 2305.09 states:

> An action for any of the following causes shall be brought within four years after the cause thereof accrued:
>> (A) For trespassing upon real property;
>> (B) For the recovery of personal property, or for taking or detaining it;
>> (C) For relief on the ground of fraud;
>> (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code;
>> (E) For relief on the grounds of a physical or regulatory taking of real property.
>
> If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered.

OHIO REV. CODE § 2305.09 (West 2004).

Plaintiffs concede "that the four-year statute of limitations under Ohio Rev. Code § 2305.09(D) applies to the instant case."  (Dkt. # 15 at 3).  Plaintiffs argue, however,

4

that the limitations period commenced upon Plaintiffs' discovery that Defendants' actuarial advice was erroneous, not at the time that Defendants provided the advice to Plaintiffs.  Defendants contend that the limitations period began to run in 2000, at the time Defendants provided the allegedly erroneous advice.  The difference is significant, as Plaintiffs' proposed application of § 2305.09 would start the four-year limitations period in June 2004, and place the filing of the Complaint within the statute of limitations.  (Dkt. # 15 at 4).  Defendant's proposed approach would put the expiration of the limitations period no later than December 31, 2004, well before the filing of the Complaint.  (Dkt. # 14 at 5).

Section 2305.09 expressly provides a "discovery rule" for certain torts arising under the statute.  <u>See</u> OHIO REV. CODE § 2305.09, <u>supra</u>.  The rule is limited to actions brought for trespassing underground, injury to mines, wrongful taking of personal property, and fraud.  <u>Id</u>.  Ohio courts have consistently declined to extend the discovery rule of § 2305.09 beyond these four types of actions.  <u>Investors REIT One</u>, 546 N.E.2d at 209-12; <u>Wells v. C.J. Mahan Construction Co.</u>, 2006 WL 951444, *8 (Ohio App. 10 Dist. 2006)("[T]he legislature's failure to include a discovery rule for all the tort claims under R.C. 2305.09 implies that it was not the legislature's intent to apply the discovery rule to such excluded claims.").

The Supreme Court of Ohio has found that "general claims of professional negligence which are outside the ambit of R.C. 2305.10 and 2305.11 are…governed by

the four-year limitations period in R.C. 2305.09,"[1] and that "discovery rules…are not available to negligence claims brought under R.C. 2305.09(D)." Investors REIT One, 546 N.E.2d at 209. Accordingly, Ohio courts have declined to find the discovery rule of § 2305.09 applicable in actions for accounting negligence, Investors REIT One, 546 N.E.2d at 209, breach of fiduciary duty, Wells, 2006 WL 951444, *8, and negligent investment advice, Avery B. Kline & Co. v. Joslyn, 1993 WL 106948, *3 (Ohio App. 8 Dist. 1993). Because Ohio law controls in the instant matter, the Court finds that the discovery rule of § 2305.09 is not available for claims of actuarial negligence.

In support of their argument for applying a discovery rule for the instant negligence claims, Plaintiffs point out that "[n]o Federal Circuit Court, no Ohio Court and no Ohio statute" specifically precludes the application of a discovery rule to an action for actuarial negligence. (Dkt. # 15). This argument misses the point. Section 2305.09, which the parties agree applies in the instant case, prescribes a discovery rule only for certain specific types of actions. Actuarial negligence is not one of them. See OHIO REV. CODE § 2305.09. "The legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09…implies the exclusion of other torts arising under the statute, including negligence." Investors REIT One, 546 N.E.2d at 211; see also Wells, 2006 WL 951444, *8. Thus, Plaintiffs' claims for professional negligence and negligent misrepresentation are outside the reach of the discovery rule set forth under § 2305.09.

---

[1] Ohio Rev. Code § 2305.10 provides a two-year limitations period in actions for bodily harm or injury to personal property. Section 2305.11 provides a limitations period of one year for actions for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, or upon a statute for a penalty of forfeiture. Neither statute is relevant to the instant matter.

The limitations period, therefore, began to run on December 31, 2000, at the latest. See (Dkt. # 9 at ¶ 11).  The four year period thus expired on December 31, 2004, at the latest.  Plaintiffs filed the Complaint in the instant matter on May 31, 2007, more than two years after the statute of limitations had expired.  (Dkt. # 1).  Plaintiffs' claims for professional negligence and negligent misrepresentation are, therefore, barred by the statute of limitations.

### B. Plaintiffs' Ohio Deceptive Trade Practices Act Claim

Count Three of Plaintiffs' First Amended Complaint alleges a violation of the Ohio Deceptive Trade Practices Act, codified at Ohio Rev. Code § 4165.01, *et seq*., through Defendants' "misrepresenting the standard, quality, and grade of their services." (Dkt. # 9 at ¶ 35).  Defendants argue that this claim is barred by the statute of limitations set forth under § 2305.09.  (Dkt. # 14, 16).  Plaintiffs do not dispute the applicability of § 2305.09, but again argue that the limitations period commenced at the time Defendants' alleged errors were discovered.  (Dkt. # 15).

The Supreme Court of Ohio has held that "[t]he ground of the action and the nature of the demand determine which statute of limitation is applicable."  Kunz v. Buckeye Union Inc., Co., 437 N.E.2d 1194, 1196 (Ohio 1982)(internal quotation omitted); see also Fiorentino v. Lightning Rod Mutual Insurance Co., 682 N.E.2d 1099, 1104-05 (Ohio App. 9 Dist. 1996).  In the instant case, the violation of the Ohio Deceptive Trade Practices Act alleged by Plaintiffs is based on Defendants' alleged professional negligence.  (Dkt. # 9 at ¶¶ 34-37).  Therefore, the four-year statute of limitations under § 2305.09 applies.  See Investors REIT One, 546 N.E.2d at 209.

7

Furthermore, the discovery rule provided by § 2305.09 does not apply to actions for professional negligence or for violations of the Ohio Deceptive Trade Practices Act. OHIO REV. CODE § 2305.09; Investors REIT One, 546 N.E.2d at 211. Thus, the limitations period commenced in 2000, at the time Defendants provided the allegedly negligent advice. See (Dkt. # 9 at ¶ 11). Because Plaintiffs filed the Complaint in the instant action on May 31, 2007, more than four years after the start of the limitations period, their claim for a violation of the Ohio Deceptive Trade Practices Act is barred by the statute of limitations.

### C. Plaintiffs' Breach of Contract Claim

In Count Four of the First Amended Complaint, Plaintiffs allege that Defendants breached a contract between the parties by which "Defendants agreed to provide responsible and accurate actuarial services to Plaintiffs." (Dkt. # 9 at ¶ 39). It is clear from the allegations contained in Plaintiffs' First Amended Complaint that the breach of contract claim arises from the same facts that support Plaintiffs' negligence claims. (Dkt. # 9 at ¶¶ 38-41). "In such circumstances, courts have routinely held that the breach-of-contract claim is simply a restatement of the negligence claims and that the four-year statute of limitations for professional negligence found in R.C. 2305.09(D) applies rather than the six-year statute of limitations for contracts not in writing found in R.C. 2305.07." Fronczak v. Arthur Andersen, L.L.P., 705 N.E.2d 1283, 1287 (Ohio App. 10 Dist. 1997).

Therefore, Plaintiffs' breach of contract claim is subject to the same limitations period as Plaintiffs' other claims, discussed *supra*, and no discovery rule is applicable. The limitations period expired on December 31, 2004, at the latest. Because the

Complaint was filed more than two years after the expiration of the limitations period, Plaintiffs' breach of contract claim is barred by the statute of limitations.  <u>See</u> (Dkt. # 1).

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.  (Dkt. # 14).  The Court hereby orders that the case is **DISMISSED**.  Accordingly, **JUDGMENT** is entered in favor of Defendants.

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus – December 6, 2007**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**